



**FILED**
**Jun 04, 2018**
**04:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| George Ledford ) | Docket No. 2017-01-0740 |
| ) | |
| v. ) | State File No. 87418-2016 |
| ) | |
| Mid Georgia Courier, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas Wyatt, Judge ) | |

---

### Affirmed and Remanded—Filed June 4, 2018

---

The employee, a delivery driver, suffered a compensable injury to his left shoulder while performing his duties for the employer. The employer provided medical care with an authorized physician who ultimately referred the employee for a second opinion. The employer declined to authorize a surgical procedure recommended by the physician to whom the employee was referred. The trial court concluded the employee was entitled to the recommended procedure. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

A. Allen Grant, Nashville, Tennessee, for the employer-appellant, Mid Georgia Courier, Inc.

Matthew G. Coleman, Cleveland, Tennessee, for the employee-appellee, George Ledford

### Memorandum Opinion[1]

    George Ledford ("Employee") suffered an injury to his left shoulder on June 6, 2016, while loading pallets onto a truck in the course of his work for Mid Georgia Courier, Inc. ("Employer"). Employer accepted the claim as compensable and provided

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

medical treatment with Dr. Peter Lund, an orthopedic surgeon selected by Employee from a panel of physicians.

Dr. Lund diagnosed Employee with adhesive capsulitis and gave him injections, ordered physical therapy, and manipulated his shoulder under anesthesia. Employee continued to complain of pain. Dr. Lund expressed uncertainty about a "clear pathway to additional treatment" and believed Employee "would benefit from a second opinion." Thus, Dr. Lund referred Employee for a second opinion with "an option to treat."

Employer provided Employee a panel of physicians from which he selected Dr. Chad Smalley, also an orthopedic surgeon, to provide the second opinion. Dr. Smalley recommended an arthroscopy to address the adhesive capsulitis. Thereafter, Employee returned to Dr. Lund, who noted Employee "apparently got rescheduled with [him] for reasons that are not entirely clear." After observing that Dr. Smalley's recommended course of treatment was reasonable, Dr. Lund stated he would "turn [Employee's] care over to Dr. Smalley . . . [and Employee may] follow-up with [Dr. Lund] as needed."

Employer refused to authorize the recommended surgery with Dr. Smalley on the theory that he merely provided a second opinion and that Dr. Lund remained the authorized physician. Employer also submitted Dr. Smalley's surgical recommendation to utilization review, which declined to approve the procedure because the treatment guidelines "do not currently recommend surgery for adhesive capsulitis." Employee appealed the denial to the Medical Director, who upheld the denial.

Employee filed a petition for benefit determination seeking to require Employer to authorize the recommended surgery because Drs. Lund and Smalley, both authorized by Employer, found it medically necessary. He also asked the trial court to designate Dr. Smalley as his treating physician based on Dr. Lund's referral.

The trial court concluded that Dr. Lund made a referral to Dr. Smalley for ongoing treatment and that Employer's failure to timely object to that referral obligated it to authorize the treatment recommended by Dr. Smalley. In finding that Employee was entitled to the recommended surgery, the trial court gave more weight to the opinions of Dr. Lund and Dr. Smalley regarding the reasonableness and necessity of the recommended procedure than to the opinions of the utilization review physician and Medical Director. Employer has appealed.

I.

Initially, we note that Employer cites Tennessee Code Annotated section § 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision should be reversed. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial

judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[2] Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

II.

Employer argues that Dr. Smalley was merely asked to provide a second opinion and that Dr. Lund remains the authorized physician. Employer asserts that when Dr. Lund ordered a second opinion, it provided a panel consistent with the requirements of Tennessee Code Annotated section 50-6-204(a)(3)(C) (2017), which states that

> [w]hen the treating physician . . . refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician . . . from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery. . . . *The employee's decision to obtain a second opinion shall not alter the previous selection of the treating physician.* (Emphasis added.)

However, this statutory provision does not apply to these facts. The panel for a second opinion was not offered to Employee because of a recommendation for surgery by Dr. Lund. In fact, there is no evidence in the record that Employee requested a second opinion for any reason. Rather, Dr. Lund observed that he believed Employee would benefit from a second opinion and the physician who provided the second opinion would have an option to treat. Thus, rather than falling within the scenario contemplated by section 50-6-204(a)(3)(C), the circumstances of this case fall within section 50-6-204(a)(3)(A)(ii), which provides that "[w]hen necessary, the treating physician . . . shall make referrals to a specialist . . . . The employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel" of physicians. Here, because Dr. Lund felt he had no additional treatment options

---

[2] *See, e.g.*, *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN Wrk. Comp. App. Bd. LEXIS 25, at *8 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

3

to offer Employee, he deemed a second opinion to be an appropriate step. Although it appears Employer did not provide a panel within three business days of the referral for a second opinion, it nonetheless provided a panel from which Employee selected a physician.[3]

When an employer offers a panel of physicians pursuant to section 50-6-204(a)(3)(A)(ii), as happened here, the new physician becomes an authorized treating physician pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(E).[4] After Employee saw Dr. Smalley, he returned to Dr. Lund, who stated that Employee had been rescheduled with him "for reasons that are not entirely clear." He then stated he would "turn [Employee's] care over to Dr. Smalley." Dr. Lund's intention is clear. He reached a point in Employee's treatment where he felt he had nothing further to offer. He felt a second opinion was warranted and noted that the second opinion physician would, if appropriate, have the option to assume Employee's care. Dr. Lund was somewhat perplexed when Employee returned to see him, as it appears he believed he had transferred Employee's care to another physician. Dr. Lund also made clear that he believed the course of treatment recommended by Dr. Smalley was reasonable.

In short, Employer provided an appropriate panel, Employee selected a physician, and that physician became Employee's authorized treating physician.

III.

Employer also argues that the trial court erred in giving greater weight to the opinions of Drs. Lund and Smalley than to the opinion of the utilization review physician. In evaluating expert medical opinions, a trial judge may consider, among other things, the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts. *Venable v. Superior Essex, Inc.*, No. 2015-05-0582, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *6 (Tenn. Workers' Comp. App. Bd. Nov. 2, 2016). As stated by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (citation omitted) (internal quotation marks omitted).

---

[3] Employee does not argue that the second panel provided by Employer was defective or untimely.

[4] Section 50-6-204(a)(3)(E) states: "In all cases where the treating physician has referred the employee to a specialist physician, surgeon, chiropractor or specialty practice group, the specialist physician, surgeon, or chiropractor to which the employee has been referred, or selected by the employee from a panel provided by the employer, shall become the treating physician until treatment by the specialist physician, surgeon, or chiropractor concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel provided by the employer."

Here, Employer asserts that the trial court "misjudged the weight to be afforded to the respective medical opinions." The crux of Employer's argument is that the trial court relied too heavily on the fact that Drs. Lund and Smalley had personally evaluated Employee. We are not persuaded the trial court abused its discretion in giving more weight to the opinions of Drs. Lund and Smalley because they personally evaluated Employee or in its ultimate conclusion as to the medical necessity of the recommended treatment.

We hold that the evidence does not preponderate against the trial court's decision. Accordingly, the trial court's decision is affirmed and the case is remanded.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| George Ledford | ) | Docket No. 2017-01-0740 |
| | ) | |
| v. | ) | State File No. 87418-2016 |
| | ) | |
| Mid Georgia Courier, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of June, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Matthew Coleman | | | | | X | mcoleman@loganthompsonlaw.com |
| A. Allen Grant | | | | | X | agrant@eraclides.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov